2015 IL App (1st) 142627

No. 1-14-2627

Opinion filed September 29, 2015

Second Division

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| MARQUETTE BANK, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HEARTLAND BANK AND TRUST | ) | |
| COMPANY, Successor Trustee to Western | ) | No. 12 CH 12873 |
| Springs National Bank and Trust Company, Not | ) | |
| Personally but as Trustee Under Trust Agreement | ) | |
| Dated February 3, 2003, and Known as Trust No. | ) | |
| 3987, LAWRENCE J. GESIAKOWSKI, GAIL T. | ) | |
| GESIAKOWSKI, NON-RECORD CLAIMANTS | ) | |
| AND UNKNOWN OWNERS, | ) | The Honorable |
| | ) | Daniel P. Brennan, |
| Defendants-Appellants. | ) | Judge, presiding. |

JUSTICE HYMAN delivered the judgment of the court, with opinion.
Presiding Justice Pierce and Justice Simon concurred in the judgment and opinion.

**OPINION**

¶ 1        Defendant's principle argument on appeal concerns whether tenancy by the entirety can

be used as a defense to the foreclosure of a marital home owned by a land trust, an issue of first

impression. We need not address the availability of this defense under the statutory authority and

hold, instead, based on the specific facts here, that the trial court properly granted summary

judgment in favor of plaintiff, Marquette Bank. The wife's signing of a letter of direction to the trustee of the land trust shows her consent to the mortgage, a joint debt, and, as such, the defense of tenants by the entirety, even if statutorily allowed, was not available to prevent the foreclosure of the defendants' marital home.

¶ 2                                    BACKGROUND

¶ 3        Defendant, Lawrence Gesiakowski, took out a business loan in 2007 to support his automobile rebuilding business. As security for the loan, Marquette Bank requested his business property and personal residence, which was placed in a land trust before the loan. Lawrence and his wife, Gail, owned the beneficial land trust as tenants by the entirety.

¶ 4        The commercial loan was evidenced by a promissory note, dated March 2, 2007, in the principal amount of $575,000, signed only by Lawrence, and secured by two mortgages: one for the commercial property and one for the Gesiakowskis' home. The land trustee, at the express written direction (letter of direction) of the sole beneficiaries of the land trust (the Gesiakowskis), granted the mortgage to Marquette Bank. The mortgage reflects the land trustee as the grantor and mortgagor.

¶ 5        When the loan matured in 2012, Lawrence defaulted, unable to pay due to the failure of his business. Marquette Bank filed two separate mortgage foreclosure actions, one for the commercial property and one for the Gesiakowskis' home.

¶ 6        The Gesiakowskis' objected to the foreclosure and sale of their home in an affirmative defense, the subject of this appeal. They argued Marquette Bank could not sell their home to satisfy the debt of only Lawrence because they owned their beneficial interest in the land trust as tenants by the entirety as allowed by the Joint Tenancy Act (Act) (765 ILCS 1005/1c (West 2012)) and, therefore, section 12-112 of the Illinois Code of Civil Procedure (Code) (735 ILCS

5/12-112 (West 2012)), precluded judicial foreclosure and the sale of their home. The trial court disagreed and entered summary judgment in Marquette Bank's favor.

¶ 7    In denying the Gesiakowskis' affirmative defense, the trial court relied on land trust case law bifurcating beneficial interest and the *res* of the land trust. The trial court held the Gesiakowskis owned their beneficial interest in the land trust as personal property, not real estate, as tenants by the entirety. At the hearing on the Gesiakowskis' motion to reconsider, the court noted the importance of the letter of direction to its decision, finding the Gesiakowskis expressly directed the trustee to execute the mortgage, thereby estopping them from asserting their defense. The trial court concluded that no genuine issue of material fact remained as to Gail Gesiakowski's knowledge concerning the mortgage.

¶ 8    The property was sold to Marquette Bank by the Cook County Sheriff at a judicial sale under the order of judgment of foreclosure and sale. On July 22, 2014, the trial court granted Marquette's motion for confirmation of the sale.

¶ 9                                                                ANALYSIS

¶ 10    Summary judgment is proper where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  735 ILCS 5/2-1005 (West 2012).  The trial court may grant summary judgment after considering "the pleadings, depositions, admissions, exhibits, and affidavits on file in the case" and construing that evidence in favor of the nonmoving party. *Purtill v. Hess*, 111 Ill. 2d 229, 240 (1986).  Summary judgment aids in the expeditious disposition of a lawsuit, but it is a drastic measure that should be allowed only "when the right of the moving party is clear and free from doubt." *Id.*  If the plaintiff fails to establish any element of his or her claim, summary judgment is appropriate. *Pyne v. Witmer,*

129 Ill. 2d 351, 358 (1989). We review the trial court's decision to grant summary judgment *de novo*. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992).

¶ 11 Real estate held as tenants by the entirety protects a spouse against having his or her homestead property sold to satisfy the individual debts of the other spouse. 735 ILCS 5/12-112 (West 2012). This type of ownership operates under the fictional assumption that a husband and wife are one for legal purposes—it conveys the property to them as one person; they each own 100% of the property. See John V. Orth, *Tenancy by the Entirety: The Strange Career of the Common-Law Marital Estate*, 1997 B.Y.U. L. Rev. 35, 38 (1997) (" 'And therefore, if an estate in fee be given to a man and his wife, they are neither properly joint-tenants, nor tenants in common: for husband and wife being considered as one person in law, they cannot take the estate by moieties, but both are seised of the entirety, per tout et non per my; the consequence of which is, that neither the husband nor the wife can dispose of any part without the assent of the other, but the whole must remain to the survivor.' " (quoting 2 Sir William Blackstone, Commentaries 182 (photo. reprint 1978) (R. Burn ed., 1783))).

¶ 12 The law in Illinois exempts real estate owned jointly as spouses from collection by any creditor that obtains a judgment against one spouse individually, unless "the property was transferred into tenancy by the entirety with the sole intent to avoid the payment of debts existing at the time of the transfer beyond the transferor's ability to pay those debts as they become due." 735 ILCS 5/12-112 (West 2012). The exemption protects an innocent spouse from losing the marital home because of the individual debts of his or her spouse. *Premier Property Management, Inc. v. Chavez*, 191 Ill. 2d 101, 104 (2000). Accordingly, where both spouses are judgment debtors, borrowers or guarantors, their real estate is not protected from judgment based on their ownership as tenants by the entirety.

¶ 13 The Gesiakowskis argue that the Act and section 12-112 of the Code bar foreclosure of a mortgage because their home has been placed in an Illinois land trust and, as beneficiaries, they own the beneficial personal property interest as tenants by entirety. They claim that their ownership of beneficial interest in the land trust as tenants by entirety should be treated as the legal equivalent of owning the real property held in the land trust as tenants by entirety.

¶ 14 The Act and section 12-112 of the Code have no application. Marquette Bank was granted the mortgage at the direction of both of the Gesiakowskis and holds the mortgage directly on the property. Tenancy by the entirety ownership of the beneficial interest in the land trust, as discussed in section 12-112 of the Code, only precludes the sale of the joint owners' personal property interest to satisfy a money judgment against the other owner. 735 ILCS 5/12-112 (West 2012). The protection afforded by tenancy by the entirety ownership depends on whether the debt is individual or joint. See *In re Tolson*, 338 B.R. 359, 370 (Bankr. C.D. Ill. 2005). A property held as tenants by the entirety may be sold the same as if title was held in joint tenancy to enforce a joint debt. *Id*.

¶ 15 The letter of direction specifically authorized and directed the land trustee to execute and deliver the mortgage on the Gesiakowskis' home as security for the business loan. Under the trust agreement, the land trustee could not act without the direction of the Gesiakowskis. Both Gail and Lawrence directed the land trustee by stating in their letter of direction:

> "We hereby authorize and direct you in your capacity as Trustee under the Trust Agreement *** to execute ***and to deliver the following described documents, copies of which are attached hereto ***and expressly made a part of this Letter of Direction: Mortgage dated March 2, 2007 to Lender."

Both Gail and Lawrence signed the letter after attesting (i) that each of them as beneficiaries had "read, examined and approved the documents described above;" (ii) that everything stated in the documents was "true and correct;" and (iii) that all of the representations and warranties were "made for the purpose of inducing [Land Trustee] to act as directed above."

¶ 16        We are unpersuaded by the Gesiakowskis' contention that by signing the letter of direction, Gail merely acknowledged that Lawrence "mortgaged his half-interest." The letter of direction contains nothing, the evidence in the record contains nothing, and the mortgage documents contain nothing, suggesting the mortgage only encumbered a half-interest in their marital home.

¶ 17        By signing the letter of direction, Gail expressly directed the owner of the property, the land trustee, to execute a mortgage as a lien on their home and as security for the note. The letter of direction does not state it only applies to Lawrence's half-interest nor does it limit the scope of the mortgage to only Lawrence's interest. At the Gesiakowskis' direction, the land trustee expressly mortgaged "all of Grantor's right, title, and interest in and to the" property. Accordingly, Marquette Bank's mortgage of the Gesiakowskis' home was created at the express written direction of the Gesiakowskis.

¶ 18        The mortgage provides that in the event of default, the lender may obtain a judicial decree "foreclosing Grantor's [Land Trustee] interest in all or any of the Property." Under the mortgage, Marquette has the right to "sell all or any part of the Property" on a default. The default on the mortgage payments gave Marquette the right to foreclose the mortgage and cause the judicial sale of the home under the terms of the mortgage and the relevant portions of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1701 *et seq.* (West 2012)).

¶ 19    Marquette Bank established a *prima facie* case for foreclosure and the Gesiakowskis failed to meet their burden to prove payment under the terms of the mortgage or establish a valid defense.

¶ 20                                   CONCLUSION

¶ 21    The trial court properly granted summary judgment in favor of Marquette Bank and held it was entitled to judgment of foreclosure and sale.

¶ 22    Affirmed.